IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 97-11242
Summary Calendar

———————

LAWRENCE C. LEWIS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1683-P

———————————————————————————

January 28, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Lawrence C. Lewis, Texas state prisoner # 373622, appeals from the district court's dismissal of his federal habeas corpus petition as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). This court granted COA on the statute-of-limitations issue. Lewis argues that the district court erred in dismissing his federal habeas petition as barred by the one-year statute of limitations of § 2244(d)(1) because his first state habeas application tolled the period of limitation for purposes of § 2244(d)(2), rendering his federal petition timely filed. We now have the benefit of two opinions rendered by this court after the district court dismissed Lewis's petition.

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A habeas petitioner whose claims otherwise would be time-barred because the limitations period would have expired before the effective date of the AEDPA had a one-year "reasonableness period" or until April 24, 1997, to file his habeas petition. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Although Lewis did not file his federal habeas petition on or before April 24, 1997, under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward the period of limitation. § 2244(d)(2). The pendency of Lewis's first state habeas application, which was denied on August 28, 1996, tolled the one-year reasonableness period for the more than four months that it was pending during the one-year reasonableness period, rendering Lewis's July 14, 1997, federal habeas petition timely filed. Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

Accordingly, the district court's judgment dismissing Lewis's § 2254 petition as time-barred is VACATED, and the cause is REMANDED for further proceedings.

VACATED AND REMANDED.

2